UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARY MESZAROS, AS
ADMINSTRATRIX OF THE ESTATE OF
MICHAEL MESZAROS,

                  Plaintiff,

                  -against-

JOSEPH G. MESZAROS, CAROLINE
MESZAROS KAUFMANN, and
CHRISTIAN MESZAROS,

                  Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
18-cv-05731 (DLI) (RER)

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Mary Meszaros ("Plaintiff"), in her capacity as administratrix of the Estate of Michael Meszaros ("Michael"), brings this action, asserting the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 against Joseph G. Meszaros ("Joseph, Jr."), Caroline Meszaros Kaufmann ("Caroline"), and Christian Meszaros ("Christian") (collectively "Defendants") alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, aiding and abetting conversion, unjust enrichment, accounting, and a violation of the Connecticut Unfair Trade Practices Act relating to the estate assets of Joseph Meszaros, Sr. ("Joseph, Sr."). Before the Court is Defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.    Background**

The following facts are taken from Plaintiff's Complaint ("Compl.," Dkt. Entry No. 1) and are accepted as true for the purposes of this decision. Joseph, Sr. died on July 4, 1995 and was survived by his wife Karolina Meszaros ("Karolina") and his four children: Joseph, Jr., Caroline, Christian, and Michael, Plaintiff's late husband. Compl. ¶¶ 12, 22. Plaintiff alleges that Caroline has power of attorney over her mother, Karolina, who suffers from advanced Alzheimer's disease. *Id.* ¶¶ 21-22.

During his lifetime, Joseph, Sr. owned a boiler repair business, Expert Boiler Repair & Welding Co. ("Expert Boiler"), and a real estate holding company, Tavolario & Meszaros Realty Corp. ("T&M Realty"). *Id.* ¶ 9. The principal assets of T&M Realty were two parcels of real estate located in Brooklyn, New York (hereinafter the "Brooklyn Properties"). *Id.* Prior to his death, mesothelioma and cancer rendered Joseph, Sr. ill, incapacitated, and reliant on his son Joseph, Jr., to whom he entrusted significant matters relating to the Expert Boiler and T&M Realty businesses. *Id.* ¶ 16. Joseph, Sr. executed a Last Will and Testament in New York on May 5, 1995 that Plaintiff claims was the product of Joseph, Jr.'s undue influence over his ailing father. *Id.* ¶ 18. The will named Joseph, Jr. executor of the estate and bequeathed to him fifty percent ownership of both Expert Boiler and T&M Realty while leaving the remaining fifty percent share of both companies to Joseph, Sr.'s wife, Karolina. *Id.* ¶ 20.

Approximately eighteen years after the death of Joseph, Sr., Joseph, Jr. engaged in a series of transactions whereby the Brooklyn Properties were sold. *See*, *id.* ¶¶ 23-34. Plaintiff alleges that Joseph, Jr. was not a majority shareholder in T&M Realty, the owner of the Brooklyn Properties, and, thus, lacked authority to sell them. *Id.* ¶¶ 31, 33. Joseph, Jr. also sold the Expert

2

Boiler business, an action Plaintiff alleges was *ultra vires* because he did not have a controlling stake in the business.  *Id.* ¶ 35.

Plaintiff alleges that, over the years leading up to and including 2015, her late husband, Michael, made inquiries as to the business operations of both Expert Boiler and T&M Realty, but received "vague, imprecise comments, avoiding any meaningful or substantive response," from Joseph, Jr.  *Id.* ¶ 37.  Plaintiff further alleges that Defendants denied Michael a copy of Joseph, Sr.'s will, despite his repeated demands to see a copy, and that Joseph, Jr. deliberately misled Michael into believing that Joseph, Sr.'s will bequeathed the entire estate to Karolina.  *Id.* ¶¶ 37, 47.  Caroline eventually delivered a copy of the will to Michael on October 19, 2015.  *Id.* ¶ 37.  Michael was "astonished and angered" by the contents of the will, and, shortly after receiving a copy of it, met with his siblings to discuss it.  *Id.* ¶¶ 38, 39.  The discussion escalated into an argument that ended with Christian commenting that the sale of their father's properties and business "[were] none of [Michael's] business."  *Id.* ¶ 39.

## II.     Plaintiff's Claims and Defendants' Motion to Dismiss

As against Joseph, Jr., the Complaint asserts a claim of breach of fiduciary duty for self-dealing and "utilizing duress, coercion, and undue influence" in the drafting and execution of Joseph, Sr's will to Plaintiff's detriment (Count One).  *Id.* ¶¶ 45-48.  Plaintiff also makes a claim of conversion against Joseph, Jr. for the unauthorized transfer of the Brooklyn Properties from T&M Realty in exchange for millions of dollars and for the unauthorized sale of Expert Boiler, actions which deprived Karolina of her shares in T&M Realty (Count Three).  *Id.* ¶¶ 53-57.

As against Caroline and Christian, Plaintiff asserts a claim of aiding and abetting breach of fiduciary duty for substantially assisting, actively concealing, and profiting from Joseph, Jr.'s breach of fiduciary duty (Count Two), and a claim of aiding and abetting conversion for assisting,

3

actively concealing, and profiting from Joseph, Jr.'s conversion of the Brooklyn Properties and the Expert Boiler business (Count Four).  *Id.* ¶¶ 49-52, 58-62.

The Complaint also asserts against Joseph, Jr. and Caroline a claim of accounting for the millions of dollars that Plaintiff asserts were due to her and her husband under a "proper allocation of testamentary and/or intestate interests."  (Count Six).  *Id.* ¶¶ 67-70.  Finally, the Complaint asserts against all Defendants a claim of unjust enrichment for the conversion and aiding and abetting the conversion of the Brooklyn Properties and Expert Boiler (Count 5) and a claim under the Connecticut Unfair Trade Practices Act ("CUTPA") for tortious conduct, by commission or omission, that is unscrupulous and unfair in trade and commerce (Count Seven).  *Id.* ¶¶ 64-66, 72-75.  Plaintiff seeks money damages along with attorneys' fees and punitive damages from all Defendants and an accounting of monies received that are due and owed to Plaintiff according to Plaintiff's proportionate share.

On December 11, 2018, Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Motion to Dismiss for Failure to State a Claim ("Mot."), Dkt. Entry No. 9-15.  Defendants argue that: (1) the Complaint fails to state a claim upon which relief may be granted; (2) all the claims are time barred by the statute of limitations; (3) the claims concerning the validity of the Joseph Sr.'s will are barred by res judicata; and (4) Plaintiff lacks standing to assert the claims in the Complaint.  Plaintiff opposed Defendants' motion.  Memorandum in Opposition ("Opp."), Dkt. Entry No. 11.  Defendants filed a reply in further support of their motion.  Reply Memorandum of Law ("Reply"), Dkt. Entry No. 12.

## III. Discussion

### A. Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, the Court "must accept as true all the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (internal quotation omitted).

### B. Choice of Law

Because this is a diversity action, the Court must determine which state's law to apply to Plaintiff's claims. When jurisdiction in a case is premised upon diversity of citizenship, the choice-of-law rules and statutes of limitations of the state in which the court sits are applied. *See*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State.") The parties have not raised a choice of law issue, and both parties rely on New York law in support of their respective positions. *See, e.g.*, *Tehran-Berkeley Civil & Envtl. Engineers v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989) (finding implied consent to use a forum's law where parties' briefs relied on New York law). Accordingly, the Court will apply New York law to Plaintiff's claim.

5

C.     **Analysis**

1.     **Plaintiff's Breach of Fiduciary Duty Claim is Time Barred**

Plaintiff alleges that Joseph, Jr., breached a fiduciary duty he owed to his decedent brother, Michael, in exercising undue influence over Joseph, Sr. and causing him to award Joseph, Jr. a fifty percent stake in the family businesses in his will. (Compl. ¶ 47.) Defendants argue that Plaintiff's breach of fiduciary duty claim is barred by New York's three-year statute of limitations. Mot. at 2.

The applicable statute of limitations for breach of fiduciary claims under New York law "depends upon the substantive remedy sought." *Kaufman v. Cohen*, 307 A.D.2d 113, 118 (1st Dep't 2003). If the remedy sought is equitable, the six-year statute of limitations set forth in CPLR § 213(1) applies. *Id.* Suits seeking money damages, however, are construed as alleging injuries to property and, therefore, are subject to the three-year statutory period of CPLR § 214(4). *Id.*

The three-year statute of limitations applies to Plaintiff's claim because she seeks money damages. However, Plaintiff's breach of fiduciary duty claim still would be time barred if the six-year statutory period applied. Under New York Law, a tort claim accrues as soon as "all elements of the tort can be truthfully alleged in a complaint." *Cunningham v. Ins. Co. of N. Am.,* 521 F. Supp.2d 166, 172 (E.D.N.Y. 2006) (quoting *Kronos, Inc. v AVX Corp.*, 81 N.Y.2d 90, 94 (1993)). The elements of a breach of fiduciary duty claim under New York law include the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct. *See*, *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590 (2d Dep't 2007) (citing *Ozelkan v. Tyree Bros. Envtl. Servs. Inc.*, 29 A.D.3d 877, 879 (2d Dep't 2006). To the extent that Joseph, Jr. owed a fiduciary duty to Michael in ensuring the fair disposition of their father's assets upon his death, this claim accrued more than twenty years ago and is time barred. Plaintiff's

6

opposition contains a lengthy block quote discussing the standard for equitable tolling, but Plaintiff makes no effort whatsoever to carry her burden of demonstrating the existence of extraordinary circumstances that would entitle her otherwise time barred claims to equitable tolling. *See*, *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Perhaps sensing the weakness of her own breach of fiduciary duty claim against Defendants, in her Opposition, Plaintiff amplifies an argument that barely was suggested in her Complaint, namely that Plaintiff seeks to bring a claim of breach of fiduciary duty on behalf of Michael's mother, Karolina, for dissipating the assets of T&M Realty and Expert Boiler. Opp. at 11. This claim is not properly before the Court and the Court need not consider it. *See*, *Peacock v. Suffolk Bus Corp.*, 100 F. Supp.3d 225, 231 (E.D.N.Y. 2015) (new facts or theories asserted for the first time in an opposition to a motion to dismiss need not be considered).

Even if the Court were to consider this belated third-party claim, it would fail because Plaintiff lacks standing to assert a claim of breach of fiduciary duty on Karolina's behalf. To establish standing, a plaintiff must show: (1) an alleged injury in fact, that is, a harm suffered by the plaintiff that is concrete and actual or imminent; (2) a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) a likelihood that the requested relief will redress the alleged injury. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103 (1998). The only sense in which Plaintiff can claim to have been injured by the alleged dissipation of assets in which Karolina had an ownership interest (and in which Plaintiff had no stake) is in Plaintiff's entirely speculative claim to inheriting some portion of Karolina's estate upon her death. However, under New York law "a living person can have no heirs," rendering Plaintiff's injury under this theory, at best, unripe. *In re Frost's Will*, 192 A.D. 206, 212 (1st Dep't 1920), *aff'd sub nom.*, *In re Kingsbury*, 230 N.Y. 580 (1920); *See also*, *Irving Tr. Co. v. Day,* 314

7

U.S. 556, 562 (1942) ("Expectations or hopes of succession, whether testate or intestate, to the property of a living person, do not vest until the death of that person.").

In a last ditch effort to save her breach of fiduciary duty claim, in a footnote in her Opposition, Plaintiff requests that she be given leave to amend the Complaint to assert claims on behalf of Karolina under New York's Mental Hygiene Law. Opp. at 12 n.2. Putting aside the fact that Plaintiff asserts in the Complaint that "Caroline Meszaros Kaufmann [already] has power of attorney for her mother Karolina Meszaros," the Court denies Plaintiff's request as procedurally improper. *See*, *Love v. Premier Util. Servs.*, LLC, 186 F. Supp.3d 248, 256 (E.D.N.Y. 2016) ("[N]umerous courts have held that a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under Fed. R. Civ. P. 15") (internal quotation omitted).

Even if the Court were to entertain Plaintiff's request, it would deny leave to amend the Complaint as futile. *See*, *Williams v. Citigroup, Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff seems to suggest in her Opposition that Section 81.06 of the Mental Hygiene Law grants standing to a presumptive distributee of the allegedly incapacitated person to commence any cause of action the allegedly incapacitated person could have initiated. Opp. at 12 n.2. At best, this is a misreading of the law. Section 81.06 grants presumptive distributees of an allegedly incapacitated person standing to commence a proceeding to appoint a guardian, not a blank check for third parties to bring an action on behalf of an allegedly incapacitated person. *See*, N.Y. Mental Hyg. Law §§ 81.02, 81.06. Appointment of guardians under New York's Mental Hygiene Law is a matter for the courts of the State of New York. *See*, *Id.* § 81.04.

In light of the foregoing, Plaintiff's breach of fiduciary duty claim is dismissed. As Plaintiff's primary claim for breach of fiduciary duty is not viable, neither is her aiding and abetting breach of fiduciary duty claim, which also is dismissed. *See*, *Kassover v. Prism Venture Partners, LLC*, 53 A.D.3d 444, 449 (1st Dep't 2008).

### 2. Plaintiff Fails to State a Claim of Conversion

Plaintiff's conversion claim is predicated on Joseph, Jr.'s transfer of property from T&M Realty, an entity in which Karolina allegedly maintained an ownership interest, without her consent. Compl. ¶ 54. To establish a claim for conversion under New York law, a "plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant[s] exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights." *Palermo v. Taccone*, 79 A.D.3d 1616, 1620 (4th Dep't 2010) (internal quotation omitted). Plaintiff does not assert that Michael possessed any direct ownership interest in T&M Realty, but claims that Joseph, Jr.'s actions were undertaken "to the harm and detriment of Plaintiff decedent Michael Meszaros who is legally entitled to a distribution from the estate of Karolina Meszaros which in 2013 and thereafter would and will pass intestate." Compl. ¶ 55. For the same reasons discussed above as to Plaintiff's breach of fiduciary duty claim, this alleged interest is speculative in the extreme and fails to state the "legal ownership or [ ] immediate superior right of possession" element necessary to establish a conversion claim under New York law. Accordingly, Plaintiff's claim for conversion is dismissed. Because the existence of a primary claim of conversion is a prerequisite for a claim of aiding and abetting conversion, Plaintiff's aiding and abetting conversion claim also is dismissed. *See*, *Lesavoy v. Gattullo-Wilson*, 170 F. App'x 721, 723 (2d Cir. 2006).

### 3. Plaintiff's Unjust Enrichment Claim Fails to Show Enrichment at Plaintiff's Expense

Under New York law, for a plaintiff to prevail on a claim of unjust enrichment, she must establish that: (1) the defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances are such that, in equity and good conscience, the defendant should return the money or property to the plaintiff. *Golden Pac. Bancorp v. FDIC,* 273 F.3d 509, 519 (2d Cir. 2001). The essence of an unjust enrichment claim "is that one party has received money or a benefit at the expense of another." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (quoting *City of Syracuse v. R.A.C. Holding, Inc.*, 258 A.D.2d 905 (4th Dep't 1999)).

Plaintiff fails to allege the second element of an unjust enrichment claim. Although it appears that at least one Defendant was enriched by sale of assets originally controlled by Joseph, Sr., the enrichment was not accomplished at Plaintiff's expense. As discussed above, Plaintiff has no enforceable interest in the prospective inheritance of Karolina's property, and Plaintiff does not allege that the terms of Joseph, Sr.'s will granted Michael any interest in T&M Realty or Expert Boiler. Therefore, Plaintiff's claim of unjust enrichment, which rests on the breach of fiduciary duty and conversion claims the Court has dismissed, also is dismissed.

### 4. Plaintiff's Accounting Claim Fails to Allege Entrusted Property

"To state a claim for an accounting under New York law, a plaintiff must establish: (1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Associated Mortg. Bankers, Inc. v. Calcon Mut. Mortg. LLC*, 159 F. Supp.3d 324, 338 (E.D.N.Y. 2016) (internal quotation omitted). Here, Plaintiff fails to allege that she or Michael entrusted money or property to Defendants. Plaintiff also claims that her "right to proceed with an accounting folds into Plaintiff's right to pursue

10

damages proximately caused by the fiduciary breach" that she alleges was committed by Defendants. Opp. at 16. Plaintiff did not entrust money or property to Defendants, and Plaintiff's breach of fiduciary duty claims have been dismissed. Accordingly, Plaintiff's accounting claim also is dismissed.

### 5. The Connecticut Unfair Trade Practices Act Does Not Apply to Defendants' Allegedly Unfair or Deceptive Acts

The CUPTA prohibits any person from engaging in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). Even if Defendants' conduct were unfair or deceptive, Plaintiff's CUPTA claim cannot succeed because the conduct at issue did not occur in Connecticut. The CUPTA is directed at unfair competition taking place in Connecticut, but the statute also may apply to forms "of trade or commerce intimately associated with Connecticut." *Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.*, 406 F. Supp.2d 175, 200 (D. Conn. 2005). None of the allegedly deceptive conduct is associated with Connecticut, much less intimately so. Accordingly, Plaintiff's CUPTA claim is dismissed.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss the complaint for failure to state a claim is granted in its entirety. Accordingly, this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2019

/s/
_____
DORA L. IRIZARRY
Chief Judge